IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIAM STEVE OWENS                                                  PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 5:04cv304-DCB-JCS

UNITED STATES OF AMERICA                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the government's Motion in Limine [**docket entry no. 40**].  Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

On November 17, 2004, William Owens ("Owens") filed the complaint in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*  Owens' claim is based on alleged negligence by medical staff members and prison officials at the Federal Correctional Institution in Yazoo City, Mississippi (the "FCI Yazoo City" or the "facility") for negligent failure to provide proper and timely medical treatment to the plaintiff while he was housed at the facility as an inmate.[1]

Pursuant to the June 23, 2005 Case Management Order, Owens's designation of experts and expert disclosures were due on October 4, 2005.  This deadline was extended to February 10, 2006.  On

---

[1] The FCI Yazoo City is presently known as the Federal Correctional Complex in Yazoo City.

-1-

February 9, 2006, Owens filed his Designation of Experts [**docket entry no. 24**] and listed three doctors to testify: Dr. David Holmes, Dr. Luther Cale, and Dr. Dan Wright.  In response, the government filed a Motion to Strike Plaintiff's Designation [**docket entry no. 26**] for failure to meet Federal Rule of Civil Procedure 26 and Uniform Local Rule 26.1.  Magistrate Judge Roper found Owens's designation to be insufficient.  (Text Order, March 3, 2006.)  In the same order, Judge Roper denied the defendant's motion to strike but explicitly ordered Owens to comply with Local Rule 26.1(A)(2)(d) prior to March 8, 2006.  On March 6, 2006, Owens filed a Motion for an Extension of Time to File Plaintiff's Supplementation of Experts [**docket entry no. 27**].  Judge Roper then extended plaintiff's deadline to March 14, 2006.  On March 15, 2006, Owens supplied his supplemented disclosures.  [**docket entry no. 32**].

  This Motion in Limine, which arose on July 19, 2006, seeks to strike Owens's supplemented expert disclosures because of plaintiff's failure to fully comply with Uniform Local Rule 26.1.  Plaintiff's supplemented disclosures again listed Drs. Holmes, Cale, and Wright and provided the same designation that Judge Roper found insufficient on March 3, 2006, which reads:

> Each of these physicians is treating or has treated Mr. Owens for injuries received in the incident subject to this Complaint.  Plaintiff expects to introduce evidence through testimony, depositions, or introduction of medical records from each of these physicians with

> regard to the diagnosis, treatment, and recovery of injuries Mr. Owens alleges in this incident. It is expected that Mr. Owens' treating physicians will testify that Mr. Owens sustained serious and on going physical injuries as a result of this incident. Including but not limited to a displaced/broken jaw that has or will require significant treatment, including surgery (sic).

The only additional information submitted by Owens was a letter from Dr. Cale concerning future orthodontic treatment to be undergone by Owens after plaintiff's jaw is reset.

## DISCUSSION

The Uniform Local Rules for the Southern District of Mississippi lighten the burden of expert disclosures found in Federal Rule of Civil Procedure 26 when the designated expert is a treating physician. Uniform Local Rule 26.1(A)(2)(d) provides that, "A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor." This Court may strike an expert designation if that designation violates Federal Rule 26(a)(2). Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 882-83 (5th Cir. 2004). The factors to be considered before striking an expert designation are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." Id., quoted in Robbins v. Ryan's Family Steak Houses East, Inc., 223 F.R.D. 448, 453-54 (S.D. Miss. 2004). These factors will be applied to

the case sub judice.

   I.   Designation of Drs. Holmes and Wright as experts

Without question, Owens's designation of Drs. Holmes and Wright falls short of the lenient standard required to designate treating physicians set forth by Uniform Local Rule 26.1(A)(2)(d). Even though Judge Roper's previous order found Drs. Holmes' and Wright's designations to be insufficient, Owens provided no additional information in his supplemental designation. Plaintiff was only required to state the facts known to these doctors, their opinions, and the grounds for those opinions.  Owens's expert designation is void of any reference to these three necessary elements.  Nevertheless, the Court will consider the  Hamburger factors.

As to factor one, the plaintiff offers no reason for his inadequate designation; therefore, it will be considered a strike against the plaintiff.

As to factor two, the relative importance of the expert testimony, the Court finds that expert testimony is essential to a plaintiff's medical malpractice claim, although it is possible that Owens can make a prima facie case through the use of the defendant's experts or through previously conducted depositions.

As to the third factor, potential prejudice to the government by allowing the testimony, the Court recognizes that the purpose of the Federal and Local Rules regarding expert disclosure is to provide opposing counsel with the opinions of experts expected to testify so that "opposing parties have a reasonable opportunity to

prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2) cmt. (1993 Amendment, ¶ 2).  It would be manifestly unfair and contrary to the "spirit of pretrial disclosure" to require the government to enter trial unprepared for what these experts might opine.

The fourth factor concerns whether a trial continuance would cure the potential prejudice to the government if the experts are allowed to testify.  While certainly a continuance would allow the government ample time to depose the experts and would allow Owens to (finally) properly supplement his designation, this Court has an interest in maintaining its own docket.  See Hamburger, 361 F.3d at 884.  A party should not be granted a continuance as an award for his dilatory conduct.

In light of the foregoing Hamburger factors, the expert designations of Drs. Holmes and Wright are striken.  Their testimony, however, as fact witnesses for the plaintiff may still be relevant.  Although this order will bar Drs. Holmes and Wright from testifying concerning matters calling for scientific, technical, or other specialized knowledge, it does not prevent their testimony concerning facts based upon personal knowledge of the matter.

II.  Designation of Dr. Cale as an expert

While still relatively paltry, Owens did provide additional information for Dr. Cale's expert designation.  The letter from Dr. Cale to the plaintiff's attorney, John Brunson, states, "Mr. Owens

has a Class II Malocclusion with an excessive overjet, a busccal anterior and posterior crossbite as well as having the mandible deviating to the left." (Plain. Supp. Expert Disclosures, Ex. A.) It further suggests that Owens undergo surgery and orthodontic treatment for this condition. Id. The Court finds that Dr. Cale's statement concerning Owens's "Class II Malocclusion" satisfies the Local Rule's requirement of stating "facts known" to the expert. Furthermore, the Court finds that Dr. Cale's recommendation that the plaintiff undergo surgery and orthodontics is his opinion as required in the Local Rule.

Albeit the first two requirements of Local Rule 26.1 are met, the third requirement, grounds for the expert's opinion, is not entirely clear.  It has come to the Court's attention, however, that the parties have deposed Dr. Cale in his capacity as an expert. As previously mentioned, the purpose of expert disclosures is to provide the opposing counsel with an opportunity to gain information to adequately cross examine the expert at trial. Another purpose of expert disclosures is to allow the opposing party to conduct a deposition of the expert. See Walker v. Chevron Prod. Co., 2006 WL 335889, at *1 (S.D. Miss. Feb. 14, 2006). Since the deposition of Dr. Cale has already occurred, the government will not suffer prejudice when facing Dr. Cale. Therefore, to the extent examined in his deposition, plaintiff's failure to fully comply with Local Rule 26.1 is harmless to the government in its defense of this action.

**CONCLUSION**

Based on the reasoning and authority set forth above, the Court finds that the government's Motion in Limine contains merit. As to Drs. Holmes and Wright, plaintiff's expert designations are striken. As to Dr. Cale's designation, the government's motion is denied. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion in Limine [**docket entry no. 40**] is **granted in-part** and **denied in-part**.

SO ORDERED, this the 23rd day of August, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
